**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Anthony LaFauci


   v.                                               Civil No. 08-cv-77-PB

Executive Assistant, New Hampshire
Adult Parole Board, et al.[1]


**O R D E R**


Pursuant to 28 U.S.C. § 2254, pro se petitioner Anthony LaFauci has filed a petition for a writ of habeas corpus, challenging his New Hampshire state court convictions and confinement (document nos. 1 and 5). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire

---

[1] Named as respondents are William Wrenn, Commissioner of the New Hampshire Department of Corrections, Richard M. Gerry, Warden of the NHSP, and John Eckert, Executive Assistant of the New Hampshire Adult Parole Board ("Parole Board"). As petitioner is in custody at the NHSP, I construe the respondent to be the Warden of the NHSP. See Habeas Rule 2 (where petitioner is in custody pursuant to a state judgment, the state officer having custody of the petitioner shall be named as respondent).

1

Local Rule ("LR") 4.3(d)(2)(authorizing the magistrate judge to preliminarily review pro se pleadings). Also filed is a "Motion to List Addresses of All Named Respondents", which is hereby granted (document no. 4).

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that LaFauci is entitled to relief. I therefore order him to amend the petition to demonstrate exhaustion of state remedies before I will direct that the petition be answered.

## Background

LaFauci has filed the instant federal petition without clearly identifying his state court convictions and sentences and without providing this Court with copies of pleadings, orders and judgments regarding his state court proceedings.[2] The record reveals that he was convicted in 1995 by the New Hampshire Superior Court (Rockingham County) of six counts of sexual assault and was sentenced to three and one half to seven year terms of imprisonment in three separate cases. See LaFauci v. New England Interstate Corrections Compact, No. 3:04cv132 (JBA),

---

[2] A standard habeas petition form (AO-241) is available through the Clerk's Office.

2006 WL 3741797, slip op. at *1, (D. Conn. Dec. 19, 2006) (dismissing LaFauci's federal habeas petition for lack of subject matter jurisdiction).  The second and third sentences were to be served concurrently with the first sentence.  See LaFauci v. New England Interstate Corrections Compact, No. 3:04cv132 (JBA), slip op. at 2, (D. Conn. Feb. 4, 2005).

In this action, LaFauci challenges the three convictions and the three sentences imposed by the New Hampshire Superior Court (Rockingham County) in 1995.[3]  He alleges that he "was to be paroled on July 11, 1998 to the first consecutive sentence, Docket No. 94-S-804", which was to be served concurrently with the sentence imposed under Docket No. 94-S-806.  He further alleges that he would have completed serving his last sentence on January 9, 2002, his maximum release date under Docket No. 94-S-806.

According to LaFauci, the Parole Board erred by misinterpreting the New Hampshire Superior Court's mittimus and wrongly concluding that, as part of his sentences, he was ordered to complete a sexual offender program prior to being considered

---

[3] Lafauci allegedly challenges three consecutive sentences. In amending his petition, he is instructed to clearly identify each conviction and sentence and provide any supporting documentation.

for parole.  Eckert, Executive Assistant of the Parole Board, continued LaFauci's parole date from July 11, 1998 to October 15, 1998 on the basis that he had not completed a sexual offender program.  LaFauci maintains that "none of the (4) four mittimus dockets [issued by the New Hampshire Superior Court] required such program [as a condition] to the first consecutive sentence being 94-S-804 concurrent with 94-S-805."  By wrongly conditioning LaFauci's parole on completion of a sexual offender program, Eckert and the Parole Board allegedly delayed his release date by at least three and one half years.  LaFauci claims that his release date was further delayed when the Parole Board failed to grant him good time credit.

On May 19, 2005, the Parole Board allegedly notified LaFauci that he would be paroled on December 27, 2005, pending confirmation that he completed a sexual offender program at the Massachusetts Correctional Institution in Norfolk, Massachusetts ("MCI Norfolk").  LaFauci allegedly participated in such program at MCI Norfolk from October 1998 through March 1999 and successfully completed the program.  In addition, he allegedly completed a sexual offender program while incarcerated in a correctional facility in Connecticut.  LaFauci alleges that on

April 13, 2006, the Parole Board "retroactively paroled [him] to December 27, 2005," thereby delaying his release date an additional seven months.

He now brings the instant petition, which I liberally construe to allege the following grounds for federal habeas corpus relief:

> (1) the Parole Board erred by conditioning LaFauci's parole on his participation in a sexual offender program, in violation of his Fourteenth Amendment right to due process (Ground One);
>
> (2) the Parole Board erred by delaying and/or denying LaFauci parole based on his non-participation in a sexual offender program, in violation of his Fourteenth Amendment right to due process (Ground Two);
>
> (3) the Parole Board erred by failing to grant LaFauci good time credit, thereby further delaying his release date, in violation of his Fourteenth Amendment right to due process (Ground Three).

**Standard of Review**

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions,

must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

I.  Custody and Exhaustion

    To be eligible for habeas relief, LaFauci must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  However, LaFauci fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim raised in his federal petition.  Nor has he alleged sufficient facts to suggest that effective state court remedies are unavailable to him.

    A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v.

Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

   Here, LaFauci raises three grounds for federal habeas corpus relief.  With regard to each claim, there is no indication that LaFauci presented the claims or the federal nature of the claims to the NHSC for review.  Consequently, it is unclear whether he has exhausted his state court remedies with regard to the three grounds raised in his federal petition.  I will afford him an

opportunity to amend his petition to demonstrate exhaustion.

To demonstrate exhaustion, LaFauci must provide this Court with copies of any motions, petitions, notices of appeal, briefs and any other orders and/or final judgments pertaining to his state court proceedings.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In addition, LaFauci should identify the periods of time during which any state court appeals, motions or petitions were pending.  He is instructed to provide this Court with copies of such filings to demonstrate that his federal habeas petition has been timely filed.  To the extent his claims are unexhausted, he may need to return to the state courts to fully present his unexhausted claims and the federal nature of the claims before he can make the required amendment to his federal petition.

II.  Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in

intentionally dilatory litigation tactics.  See  Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  For the foregoing reasons, I will order the proceedings stayed and the petition held in abeyance, pending LaFauci's complete exhaustion of state remedies.

## Conclusion

For the reasons stated above, I will allow LaFauci an opportunity to amend his petition to demonstrate exhaustion of

9

state remedies.  Should he decide to proceed in state court, he must commence the state court proceedings within thirty (30) days of the date of this order.  I will order the proceedings stayed and the petition held in abeyance pending his complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  LaFauci is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, LaFauci must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 17, 2008
cc:   Anthony LaFauci, pro se