UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Anthony LaFauci


    v.                                              Civil No. 08-cv-77-PB

Executive Assistant, New Hampshire
Adult Parole Board, et al.[1]


**REPORT AND RECOMMENDATION**


     Pro se petitioner Anthony LaFauci moves this court to lift the stay of proceedings and review his amended habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, in which he challenges his New Hampshire state court confinement (document no. 12). See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District

---

[1] Named as respondents are William Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), Richard M. Gerry, Warden of the New Hampshire State Prison ("NHSP"), and John Eckert, Executive Assistant of the New Hampshire Adult Parole Board ("Parole Board"). As petitioner is in custody at the NHSP, I construe the respondent to be the Warden of the NHSP. See Habeas Rule 2 (where petitioner is in custody pursuant to a state judgment, the state officer having custody of the petitioner shall be named as respondent).

Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(authorizing the magistrate judge to preliminarily review pro se pleadings).

LaFauci's motion is granted to the extent he seeks review of his amended habeas corpus petition.[2]  For the reasons stated below, I recommend that Grounds One and Two of the petition be dismissed for failure to state a claim upon which federal habeas corpus relief may be granted.  By separate order issued simultaneously herewith, I order Ground Three to be served on the respondent.

**Standard of Review**

In reviewing a pro se petition, this court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions,

---

[2]To the extent LaFauci moves to lift the stay of federal proceedings, his motion is denied as moot.  On January 14, 2009, this court granted his motion to lift the stay of federal proceedings (document no. 13).

must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

### Federal Proceedings

LaFauci filed an original petition with this court on February 27, 2008, which I liberally construed to allege the following grounds for federal habeas corpus relief:

> (1) the Parole Board erred by conditioning LaFauci's parole on his participation in a sexual offender program, in violation of his Fourteenth Amendment right to due process (Ground One);
>
> (2) the Parole Board erred by delaying and/or denying LaFauci parole based on his non-participation in a sexual offender program, in violation of his Fourteenth Amendment right to due process (Ground Two); and
>
> (3) the Parole Board erred by failing to credit LaFauci lost good time, thereby further delaying his release date, in violation of his Fourteenth Amendment right to due process (Ground Three).[3]

On April 17, 2008, the federal proceedings were stayed and the petition was held in abeyance, thereby affording LaFauci an

---

[3] In this action, LaFauci requests "the return of 49 month[s]" to his maximum release date of January 9, 2009. He claims that pursuant to a settlement agreement dated April 24, 2000, the NHDOC agreed to return 100 per cent of his "lost good time."  See LaFauci v. Commissioner, New Hampshire Dep't of Corrections, No. Civ. 99-597-PB, 2005 WL 419691 (D.N.H. Feb. 23, 2005).

opportunity to amend his petition to demonstrate exhaustion of state remedies and the timeliness of his claims. On January 14, 2009, this court granted his motion to lift the stay of proceedings (document no. 13). LaFauci now seeks review of his amended petition (document no. 12) and provides the following factual background in support of his petition. The state court record provided is incomplete.

**Factual Background**

LaFauci was convicted in 1995 by the New Hampshire Superior Court (Rockingham County) of six counts of sexual assault and was sentenced to three 3½ – 7 year terms of imprisonment. The NHDOC identified his sentences as follows:

> Mr. LaFauci is currently serving the first of three (3) consecutive 3 ½ to 7 years sentences for Felonious Sexual Assault. Those sentences are: 94-S-802; 94-S-804 (concurrent with 94-S-805); and 94-S-806. He will max out on the first sentence on January 9, 2002. Mr. LaFauci also received concurrent sentences for Felonious Sexual Assault and Indecent Exposure (94-S-970; 94-S-808; and 94-S-1903). The sexual offender program (SOP) requirement is part of the last sentence, 94-S-806.

See Letter from Richard M. Gerry, Acting Warden, NHSP, to Hon. Kenneth R. McHugh, Rockingham Superior Court (dated December 19, 2000). LaFauci maintains that he was to be paroled on July 11, 1998 to the first consecutive sentence, 94-S-804 (which ran

concurrently with 94-S-805) and then paroled on January 9, 2002 to the last consecutive sentence, 94-S-806 (the only sentence that required him to complete a sexual offender program as a condition of parole).

According to LaFauci, the Parole Board erred by misinterpreting the superior court's mittimus and by wrongly concluding that, as part of each sentence, he was ordered to complete a sexual offender program prior to being considered for parole.  He alleges that Eckert, Executive Assistant of the Parole Board, continued his parole date from July 11, 1998 to October 15, 1998 on the basis that he had not completed a sexual offender program.  He further alleges that the Parole Board failed to credit him with lost good time, thereby further delaying his release date.  By wrongly conditioning LaFauci's parole on completion of a sexual offender program and by failing to credit him with lost good time, Eckert and the Parole Board allegedly delayed his release date by a total of forty-nine months.

LaFauci filed a motion to reduce sentence, which apparently was denied by the New Hampshire Superior Court (Rockingham County) on December 21, 1998.  The court denied his motion for

reconsideration on July 11, 2000 and noted that his maximum release date was January 9, 2002.  LaFauci then filed a motion to correct mittimus with the superior court in which he challenged his confinement beyond the release date of January 9, 2002.  The court denied his motion on February 22, 2001 and reasoned:

> On March 17, 1995, the defendant was sentenced on six separate indictments of felonious sexual assault.  He received three consecutive sentences of three and a half to seven year terms at the New Hampshire State Prison.  Thus, the defendant's total minimum term was ten and a half years and his total maximum term was twenty-one years.  His last consecutive sentence contained the requirement that he complete the Sexual Offender Program before being paroled.
>
> What the court envisioned would happen would be that Mr. LaFauci would serve his two consecutive minimum sentences for a total of seven years and then he would be eligible for the completion of the Sexual Offender Program as part of his last consecutive three and a half minimum sentence.  Thus he could have been enrolled in the Program in or about January 2002.  However, instead of being paroled from 94-S-802 into his first consecutive sentence in 1998 and then being paroled from his first consecutive sentence into his second consecutive sentence in January of 2002, Mr. LaFauci is still serving his first sentence.
>
> The reasons for the delay in not being paroled from the first sentence into the first consecutive sentence is not because of any confusion about the Court's sentences or because of the Department of Corrections handling of the defendant's cases.  The reason for that delay is the defendant's disruptive behavior and protective custody issues while being confined.

State v. LaFauci, No. 94-S-802, 804, 805, 806, 807 and 808, slip op. at 2-3 (N.H. Feb. 22, 2001). The court added that the maximum release date of January 9, 2002 pertained only to the sentence imposed under 94-S-802. Id. at 1-2. The record is silent as to whether LaFauci sought further appellate review.

LaFauci alleges that on May 19, 2005, the Parole Board notified him that he would be paroled on December 27, 2005, pending confirmation that he completed a sexual offender program at the Massachusetts Correctional Institution in Norfolk, Massachusetts ("MCI Norfolk").[4] He further alleges that on April 13, 2006, the Parole Board "retroactively paroled [him] to December 27, 2005."

LaFauci filed an original habeas corpus petition with the NHSC on August 16, 2007. Construed liberally, the petition raised due process claims arising from the Parole Board's conditioning of his parole on his participation in a sexual offender program and the Parole Board's failure to credit him with lost good time. On October 1, 2007, the NHSC dismissed the

---

[4]LaFauci allegedly participated in a sexual offender program at MCI Norfolk from October 1998 through March 1999 and successfully completed the program. In addition, he allegedly completed a sexual offender program while incarcerated in a correctional facility in Connecticut.

petition without prejudice to LaFauci seeking relief from the superior court in the first instance.  On October 22, 2007, LaFauci filed a habeas corpus petition with the New Hampshire Superior Court (Merrimack County) in which he raised claims similar to those presented to the NHSC.  The petition was transferred to the New Hampshire Superior Court (Rockingham County); the record is silent as to the disposition of the petition.  LaFauci also raised similar claims in various motions filed with the New Hampshire Superior Court (Rockingham County) from January 2008 through April 2008.[5]  The record is silent as to the superior court's disposition of the motions and whether LaFauci sought further appellate review.

LaFauci filed a habeas corpus petition with the New Hampshire Superior Court (Rockingham County) which was denied on July 1, 2008.  On August 12, 2008, he filed an appeal with the NHSC in which he raised due process claims arising from the Parole Board's conditioning of his parole on his participation in a sexual offender program and the Parole Board's failure to

---

[5]LaFauci filed several responsive motions and a motion entitled "Motion to Reduce the Minimum Term in 94-S-806 and Order the New Hampshire Adult Parole Board to Correct 3 ½ Years Delay Retroactively"; his motions raised claims similar to those raised in federal habeas corpus petition.

credit him with lost good time. On August 15, 2008, the NHSC deferred ruling on the appeal pending the issuance of a decision by the superior court with regard to a pending post-trial motion filed by LaFauci.

LaFauci alleges that on October 27, 2008, the NHSC declined his appeal. He further claims that the NHSC "denied his motion to file appeal decisions of both superior courts" with regard to his petition for a writ of habeas corpus. Thus, he appears to allege that the NHSC declined the appeal of his state court habeas petition, in which he raised claims similar to those raised in his federal petition. LaFauci has not provided this court with a copy of the NHSC's October 27, 2008 order.

## Discussion

I.  <u>Noncognizable Claims</u>

In his federal petition, LaFauci alleges that the Parole Board violated his Fourteenth Amendment right to due process by conditioning his parole on his participation in a sexual offender program (Ground One) and by delaying and/or denying him parole based on his non-participation in a sexual offender program (Ground Two).

Procedural due process requirements apply only to the deprivation of interests in liberty and property.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  There is no constitutional right, or liberty interest, of a convicted person to be conditionally released, on parole or otherwise, before the expiration of a valid sentence.  See Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  A right to parole under the Fourteenth Amendment Due Process Clause exists only if such right is created by state law.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hamm v. Latessa, 72 F.3d 947, 954-55 (1st Cir. 1995); Booker v. Warden, No. 98-466-JD, 1999 WL 813893, at *2 (D.N.H. June 22, 1999).

Both the New Hampshire parole statute and the Parole Board's regulations plainly provide that the Parole Board has discretion in deciding whether to grant or deny parole to an eligible inmate.  See N.H. Rev. Stat. Ann. 651-A:6 (2007) (providing that the Parole Board "may" grant parole to eligible inmates); N.H. Code Admin. R. Ann. Par-301.02 (2007) (providing that parole shall be considered a privilege).  Because New Hampshire provides an opportunity for parole to its prisoners as a privilege, not a right, see Knowles v. Warden, 140 N.H. 387, 389, 666 A.2d 972,

974-75 (1995), it has not created a liberty interest in the opportunity for parole, see Reid v. Stanley, Civ. No. 04-cv-369-JD, 2006 WL 1875355, at *4 (D.N.H. July 6, 2005).  The New Hampshire Supreme Court has repeatedly held that the Parole Board has broad discretion in its parole decisions and that the Board is not mandated to grant parole to an inmate, even where he meets certain conditions or criteria.  See Knowles, 140 N.H. at 389, 666 A.2d at 974-75; Cable v. Warden, State Prison, 140 N.H. 395, 398, 666 A.2d 967, 969 (1995).

Here, LaFauci alleges that the Parole Board violated his Fourteenth Amendment right to due process by conditioning his parole on his participation in a sexual offender program (Ground One) and by delaying and/or denying him parole based on his non-participation in a sexual offender program (Ground Two).  The claims raised in Grounds One and Two of the petition are actually challenges to the Parole Board's refusal to consider LaFauci for parole.  Thus, his challenges rely of the presumed existence of a right to parole.  Because LaFauci is a convicted prisoner, he has no constitutionally protected or state-created liberty interest in being granted parole.  For the foregoing reasons, I recommend that Grounds One and Two of the petition be dismissed for failure

to state a claim upon which federal habeas corpus relief may be granted.

## II. Exhausted Claim

To be eligible for habeas relief with regard to his remaining claim, Ground Three, LaFauci must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  For the reasons stated below, I conclude that he also satisfies the second requirement with regard to Ground Three of the petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to

correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

   Construed liberally, Ground Three of the petition alleges that the Parole Board erred by failing to credit LaFauci with lost good time, thereby further delaying his release date, in violation of his Fourteenth Amendment right to due process. LaFauci alleges that he presented this claim on appeal to the NHSC.  He further alleges that on October 27, 2008, the NHSC declined his appeal.  While LaFauci has not provided this court with a copy of the relevant NHSC order, I accept his allegations as true and therefore conclude that he has demonstrated exhaustion of Ground Three for purposes of federal habeas review.

## Conclusion

LaFauci's motion (document no. 12) is granted to the extent he seeks review of his amended habeas corpus petition.  For the reasons stated above, I recommend that Grounds One and Two of the petition be dismissed for failure to state a claim upon which federal habeas corpus relief may be granted.  By separate order issued simultaneously herewith, I order Ground Three to be served on the respondent.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the petition.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1);

see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete 792 F.2d 4, 6 (1st Cir. 1986).

                                    _____
                                    James R. Muirhead
                                    United States Magistrate Judge

Date: March 13, 2009

cc:   Anthony LaFauci, pro se