```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

Anthony LaFauci

    v.                                              Civil No. 08-cv-77-PB

Executive Assistant, New Hampshire
Adult Parole Board, et al.[1]

**O R D E R**

Pro se petitioner Anthony LaFauci moves this court to lift the stay of proceedings and review his amended habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, in which he challenges his New Hampshire state court confinement (document no. 12). See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(authorizing the magistrate judge to preliminarily

---

[1] Named as respondents are William Wrenn, Commissioner of the New Hampshire Department of Corrections, Richard M. Gerry, Warden of the New Hampshire State Prison ("NHSP"), and John Eckert, Executive Assistant of the New Hampshire Adult Parole Board ("Parole Board"). As petitioner is in custody at the NHSP, I construe the respondent to be the Warden of the NHSP. See Habeas Rule 2 (where petitioner is in custody pursuant to a state judgment, the state officer having custody of the petitioner shall be named as respondent).

review pro se pleadings).

LaFauci's motion is granted to the extent he seeks review of his amended habeas corpus petition.[2]  By report and recommendation issued simultaneously herewith, I have recommended that Grounds One and Two of the petition be dismissed for failure to state a claim upon which federal habeas corpus relief may be granted.

As LaFauci is in state custody and appears to have exhausted state remedies with regard to his remaining claim, Ground Three, the petition may be considered.  See 28 U.S.C. § 2254(a) and (b) (providing that the writ "shall not be granted" unless petitioner is in state custody and has exhausted all available or effective state remedies).  I therefore order Ground Three of the petition to be served on the respondent.  See Habeas Rule 4.

Accordingly, the petition shall be served on the Warden of the NHSP, who shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's Office is directed to serve the New Hampshire Office of the Attorney

---

[2]To the extent LaFauci moves to lift the stay of federal proceedings, his motion is denied as moot.  On January 14, 2009, this court granted his motion to lift the stay of federal proceedings (document no. 13).

General, as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation, and the habeas petition and amendments thereto (document nos. 1, 5, 9, 10 and 12).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> Habeas Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: March 13, 2009

cc:   Anthony LaFauci, pro se